**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LYNN RAY BAKER,

      Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

      Agency.

DOCKET NUMBER
CH-0731-17-0181-I-1

DATE: March 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andre Paul Gaston, Esquire, Oakbrook Terrace, Illinois, for the appellant.

Darlene M. Carr, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the suitability determination and associated action of the Office of Personnel Management (OPM).  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2      Effective November 2, 2014, the appellant was appointed to the position of Police Officer, GS-05, with the Department of Veterans Affairs (DVA).  Initial Appeal File (IAF), Tab 9 at 414.  In a letter dated August 2, 2016, OPM notified the appellant that information discovered during the course of a background investigation requested pursuant to his appointment raised a serious question as to his suitability for Federal employment, and that he was being charged with "Material, intention false statement, or deception or fraud in examination or appointment."  IAF, Tab 5, 106-07.  In addition, OPM proposed the following actions:  cancelation of eligibility; cancelation of any reinstatement eligibility

resulting from the appellant's present appointment; and debarment for a period of up to 3 years. *Id*. at 106.

¶3 In the summary of charges, OPM explained by way of background that the appellant was fired from his position with the Chicago Police Department (CPD) on December 6, 2013, because he did not provide accurate information on an employment questionnaire concerning his prior employment with the Berwyn Police Department, and because he had violated CPD rules and regulations by failing to notify his employer that he was subject to a criminal investigation, by failing to cooperate in a criminal investigation, and by being arrested. *Id*. at 109. In light of the appellant's termination from CPD, OPM determined that the appellant made material and false statements regarding his employment history on five separate occasions. *Id*. at 110-12. We will discuss those incidents below.

¶4 First, when the appellant initially applied for the DVA Police Officer position on September 8, 2014, he answered "no" to Question 12 in the Optional Form 306 (OF-306), Declaration for Federal Employment which asked the following:

> During the last 5 years, have you been fired from any job for any reason, did you quit after being told that you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from Federal employment by [OPM] or any other agency?  If "YES" use item 16 to provide the date and explanation of the problem, reason for leaving, and the employer's name and address.

IAF, Tab 9 at 446.  The appellant signed the OF-306 on September 8, 2014, certifying that "to the best of my knowledge and belief, all of the information on and attached to this Declaration for Federal Employment . . . is true, correct, complete, and made in good faith." *Id*. at 447.

¶5 Second, on October 10, 2014, the appellant completed a Standard Form 85P (SF-85P), Questionnaire for Public Trust Positions, through the Electronic Questionnaires for Investigative Process (e-QUIP). *Id*. at 421-44.  Section 12 of the SF-85P similarly asked the applicant if, in the last 7 years, any of the

following happened to him: "(1) Fired from a job; (2) Quit after being told you'd be fired; (3) Left a job by mutual agreement following allegations of unsatisfactory performance; (5) Left a job for other reasons under unfavorable circumstances." *Id*. at 433. The appellant responded "No." *Id*. By signing the SF-85P, the appellant certified under penalty of perjury, "My statements on this form, and any attachments to it, are true, complete, and correct to the best of my knowledge and belief and are made in good faith." *Id*. at 442.

¶6 Third, on November 3, 2014, upon his appointment to the Police Officer position, the appellant again signed the previously submitted OF-306, thus recertifying his previous answers, including his response to Question 12. *Id*. at 448-49.

¶7 Fourth, when the appellant participated in a personal interview with an OPM investigator on December 1, 2015, the appellant stated that he had never been fired from a job, left a job after being told he would be fired, or left a job by mutual agreement after allegations of unsatisfactory performance or other unfavorable circumstances. *Id*. at 383. However, when confronted by the investigator about his termination from the CPD, the appellant responded that he was not terminated; instead, he left voluntarily and was eligible for rehire, and he did not have any issues while employed at the CPD. *Id*.

¶8 Fifth, the appellant completed a third OF-306 on January 23, 2016, when he applied for a Deportation Officer position with the Department of Homeland Security. *Id*. at 273-74. In completing this OF-306, he again answered "No" to question 12. *Id*.

¶9 OPM considered the appellant's response to its proposal in which he asserted two main arguments: (1) that he resigned from CPD when he was notified of his arrest and prior to being terminated; and (2) that he relied on an attorney's legal advice both in completing his subsequent Federal employment application and in believing that, because he was acquitted of all charges, he would not have to provide any information regarding the arrest. IAF, Tab 5

at 53-85. The appellant claimed that, because his termination was incidental to the arrest, the expungement meant that "any collateral consequences should not have been provided in a job application." *Id*. at 59.

¶10 On January 18, 2017, OPM issued a decision finding the appellant unsuitable for Federal employment based on the charge of material, intentional false statement, or deception or fraud in examination or appointment. IAF, Tab 5 at 18-21. OPM directed DVA to separate the appellant within 5 business days of receiving OPM's decision. *Id*. OPM also canceled any eligibilities the appellant may have had for appointment or reinstatement to any position in competitive service, excepted service that noncompetitively converts to the competitive service, or career appointment to positions in the Senior Executive Service, and debarred him from competition for, or appointment to, any covered position until January 18, 2020. *Id*.

¶11 The appellant filed a Board appeal regarding OPM's decision and requested a hearing. IAF, Tab 1. On appeal, the appellant reasserted the arguments he raised before OPM. IAF, Tabs 1, 12. After holding a hearing, the administrative judge issued an initial decision affirming OPM's decision. IAF, Tab 17, Initial Decision (ID). The administrative judge found that OPM proved by preponderant evidence that the appellant provided incorrect information, as alleged, that he knowingly provided incorrect information with the intention of defrauding the agency, and that any belief by the appellant that he could answer "no" to the questions regarding his prior employment was unreasonable. ID at 15-17. The administrative judge further found that the appellant's "failure to disclose his prior termination was blatantly misleading and more consistent with a conscious purpose to avoid learning the truth than a willingness to disclose truthful information." ID at 16. Accordingly, the administrative judge sustained the charge. ID at 16. After finding that OPM proved a nexus between the appellant's falsification and the integrity and efficiency of the service, the administrative judge affirmed the suitability determination. ID at 16-18.

¶12    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  Although OPM was granted an extension of time to file a response to the appellant's petition, it did not do so.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly sustained OPM's charge of Material, Intentional False Statement, or Deception or Fraud in Examination or Appointment.

¶13    To prevail in a negative suitability determination appeal, OPM must demonstrate by preponderant evidence that the appellant's conduct or character may have an impact on the integrity or efficiency of the service, based on one or more of the specific factors listed in 5 C.F.R. § 731.202(b).  *Hawes v. Office of Personnel Management*, 122 M.S.P.R. 341, ¶ 5 (2015); *see* 5 C.F.R. §§ 731.101(a), 732.202(a), 731.501(b).  The Board has jurisdiction to review all aspects of a suitability determination, including whether the charged conduct renders an individual unsuitable for the position in question.  *Hawes*, 122 M.S.P.R. 341, ¶ 5.  To establish unsuitability based on a charge of falsification, OPM must prove by preponderant evidence that the information was incorrect and that the appellant knowingly provided incorrect information with the intent of defrauding.  *Id.*, ¶ 21.

¶14    As the administrative judge found, the record evidence clearly shows that the appellant was terminated from his Police Officer position with the CPD.  IAF, Tab 15, Hearing Compact Disc (HCD) (Testimony of CPD Chief Captain); Tab 5 at 133.  The appellant's termination was based on his violation of agency rules and regulations, including a failure to notify the department that he was the subject of a criminal investigation, a failure to cooperate in a criminal investigation by Berwyn Police Department, his arrest by the Berwyn Police Department, and his provision of five false answers to questions on his CPD Personnel History Questionnaire, including false statements about his termination from his position with the Berwyn Police Department.  IAF, Tab 9 at 198-202.

Thus, because the record evidence shows that the CPD terminated the appellant based on multiple violations of rules and regulations, we agree with the administrative judge that his termination from the CPD was not a "legal consequence associated with his arrest." IAF, Tab 5 at 197-99.

¶15     The appellant reasserts that he was advised by his legal counsel that he did not have to disclose his termination because his arrest record was expunged, and he argues that the administrative judge misinterpreted the Board's decision in *Doerr v. Office of Personnel Management*, 104 M.S.P.R. 196 (2006). PFR File, Tab 1 at 10. The appellant contends that *Doerr* establishes that there is no intent to deceive when one has received legal advice and relies on it. *Id.* at 11. We are not persuaded by the appellant's argument.

¶16     In *Doerr*, the appellant was charged with possession with intent to distribute a controlled substance and use of possession of drug paraphernalia. 104 M.S.P.R. 196, ¶ 2. The appellant subsequently entered into an abeyance agreement that did not include a conviction. *Id.* There, OPM charged the appellant with falsely completing her application because she indicated that she had not been convicted of a crime, imprisoned, or on probation or parole. *Id.*, ¶ 3. The Board found that she reasonably relied on her attorney's advice that, under Utah law, she could answer "no" to questions regarding convictions for crimes or being on probation because the pretrial diversion program she participated in was quite different than probation. *Id.*, ¶ 6. The appellant also provided evidence that she specifically sought advice from her criminal lawyer before completing the application. *Id.* Further, her attorney's advice was consistent with Utah law. *Id.*

¶17     Here, however, the relevant Illinois law does not specifically indicate that, when an arrest has been expunged, an applicant for a position can state they were never terminated from a position. IAF, Tab 13 at 7-67. In addition, the appellant's termination from the CPD was not solely based on the arrest in question, but instead was based on multiple violations of the police department's

rules and regulations. IAF, Tab 9 at 198-202. Moreover, unlike in *Doerr*, the administrative judge in this case found the appellant's testimony that he specifically asked his attorney how to respond to questions regarding his employment to be not credible. ID at 13.

¶18    The appellant challenges the administrative judge's determination that he was not credible, and he asserts that he answered truthfully, though hesitantly, as he remembered the details. PFR File, Tab 1 at 11. The appellant appears to assert that his delayed responses were the result of his diagnosis of post-traumatic stress disorder stemming from his military service. *Id.* However, the administrative judge thoroughly reviewed the hearing testimony, provided a detailed discussion of the evidence and testimony as required under *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987),[3] and found the appellant's testimony that his misrepresentations were not intentional to be not credible, ID at 13. We discern no basis to overturn the administrative judge's credibility determinations, which were based in part on her observations of witness demeanor. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (finding that the Board must defer to an administrative judge's demeanor-based credibility determinations regardless of whether demeanor is explicitly discussed).

¶19    Therefore, we find that the record evidence shows that the appellant knew he was terminated from the CPD for various reasons, including an arrest, and that his negative responses to whether he had been fired were incorrect. While the

---

[3] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which versions he believes, and explain in detail why she found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen*, 35 M.S.P.R. at 458.

appellant continues to argue that he did not intend to provide inaccurate information, it is clear from the record that he knew that he did not leave his employment with the CPD under favorable circumstances and that he failed to indicate this at any time during his employment process for the DVA Police Officer position. Accordingly, we conclude that the appellant has shown no basis upon which to disturb the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7703</u>(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , <u>137 S. Ct. 1975</u> (2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.